1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY M.,

                              Plaintiff,

        v.

ANDREW M. SAUL,
Commissioner of Social Security,

                              Defendant.

CASE NO. C20-0100-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

14

15

16

17

18

        Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19

**FACTS AND PROCEDURAL HISTORY**

20

21

22

        Plaintiff was born on XXXX, 1966.[1]  He has a high school diploma, and has worked as a maintenance manager for an assisted-living facility, fast-food cook and dishwasher, and retail

23

_____

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1    manager.  (AR 86-89.)

2          Plaintiff applied for DIB and SSI in November 2016 and May 2017, respectively.  (AR

3    206-07, 214-19.)  Those applications were denied and Plaintiff timely requested a hearing. (AR

4    132-34, 136-37, 140-41, 294-95.)

5          On June 11, 2018, ALJ Larry Kennedy held a hearing, taking testimony from Plaintiff and

6    a vocational expert (VE).  (AR 60-99.)  On December 13, 2018, the ALJ issued a decision finding

7    Plaintiff not disabled.  (AR 17-32.)  Plaintiff timely appealed.  The Appeals Council denied

8    Plaintiff's request for review on November 21, 2019 (AR 1-7), making the ALJ's decision the final

9    decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this

10   Court.

11                                    **JURISDICTION**

12         The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13                                     **DISCUSSION**

14         The Commissioner follows a five-step sequential evaluation process for determining

15   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

16   be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not

17   engaged in substantial gainful activity since November 8, 2014, the alleged onset date.  (AR 19.)

18   At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

19   found severe Plaintiff's lumbar spine degenerative disc disease; respiratory impairment (asthma v.

20   chronic obstructive pulmonary disease); affective related disorders (major depressive disorder v.

21   adjustment disorder); anxiety related disorders (panic disorder v. generalized anxiety disorder v.

22   anxiety disorder); and obesity.  (AR 19-20.)  Step three asks whether a claimant's impairments

23   meet or equal a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

1   equal the criteria of a listed impairment. (AR 20-23.)

2         If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

3   residual functional capacity (RFC) and determine at step four whether the claimant has

4   demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

5   performing light work with additional limitations: he can occasionally climb ramps and stairs,

6   balance, stoop, kneel, and crouch.  He can never climb ladders, ropes, or scaffolds, or crawl.  He

7   can frequently handle and finger.  He must avoid concentrated exposure to extreme cold, humidity,

8   pulmonary irritants, and hazards. He can perform simple, routine tasks and follow short, simple

9   instructions.  He can do work that needs little or no judgment.  He can perform simple duties that

10  can be learned on the job in a short period.  He requires a work environment with minimal

11  supervisor contact (which refers to contact that does not occur regularly, and does not preclude

12  simple, superficial exchanges or working in proximity to a supervisor).  He can work in proximity

13  to co-workers but not in a cooperative or team effort.  He requires a work environment that has no

14  more than superficial interactions with co-workers, is predictable with few work setting changes,

15  and has no public contact.  (AR 23.)  With that assessment, the ALJ found Plaintiff unable to

16  perform past relevant work.  (AR 30-31.)

17        If a claimant demonstrates an inability to perform past relevant work, the burden shifts to

18  the Commissioner to demonstrate at step five that the claimant retains the capacity to make an

19  adjustment to work that exists in significant levels in the national economy.  With the assistance

20  of the VE, the ALJ found Plaintiff capable of transitioning to representative occupations such as

21  marker, shipping and receiving weigher, and lamination inspector.  (AR 31-32.)

22        This Court's review of the ALJ's decision is limited to whether the decision is in

23  accordance with the law and the findings supported by substantial evidence in the record as a

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

1    whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

2    than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

3    mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750

4    (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

5    decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

6    2002).

7           Plaintiff argues the ALJ erred in (1) weighing the medical opinion evidence, (2) assessing

8    Plaintiff's RFC, and (3) failing to include all of Plaintiff's limitations in the hypothetical posed to

9    the VE.  Dkt. 11 at 1-3.  The Commissioner argues that the ALJ's decision is supported by

10   substantial evidence and should be affirmed.

11                                    Medical evidence

12          Plaintiff argues that the ALJ erred in giving too much weight to State agency consultant

13   opinions, and discounting opinions provided by treating and examining sources.  Dkt. 11 at 1.  An

14   ALJ need not discount a non-examining source opinion unless it is contradicted by every other

15   piece of evidence in the record, and Plaintiff has not made that showing here, with respect to the

16   State agency opinions.  *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  Although

17   Plaintiff emphasizes that the State agency opinions were rendered before he had his MRI, Plaintiff

18   has not shown that the MRI is inconsistent with the State agency opinions such that the MRI

19   undermines the opinions.  Dkt. 11 at 4-5.  Accordingly, Plaintiff has not shown that the ALJ erred

20   in crediting the State agency opinions.  The Court now turns to consider the sufficiency of the

21   ALJ's reasons to discount the disputed treating and examining source opinions.

22   Legal standards

23          In general, more weight should be given to the opinion of a treating doctor than to a non-

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1   treating doctor, and more weight to the opinion of an examining doctor than to a non-examining

2   doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where not contradicted by another

3   doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'"

4   reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted,

5   a treating or examining doctor's opinion may not be rejected without "'specific and legitimate

6   reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting

7   *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

8   John Gray, M.D.

9       Plaintiff's primary care provider, Dr. Gray, signed a letter in April 2016 indicating that

10   Plaintiff's back pain "is of sufficient magnitude to apparently interfere with his ability to work or

11   maintain employment.  Medical treatment is marginally helpful, but does not provide enough relief

12   to allow for usual work function."  (AR 449.)

13       The ALJ gave no weight to Dr. Gray's letter:

14       The suggestion the claimant's conditions "apparently" interfere is equivocal and
        does not describe Dr. Gray's own view.  In addition, the suggestion the claimant is
15       unable to work is an opinion on an issue reserved for the Commissioner.  This letter
        is equivocal and does not describe any particular limitation, and does not suggest
16       any greater degree of limitation than I have included above.

17   (AR 27-28.)  The ALJ's finding that Dr. Gray's letter is equivocal and does not reflect Dr. Gray's

18   own view is a reasonable interpretation.  Plaintiff emphasizes that Dr. Gray treated Plaintiff for

19   years (Dkt. 11 at 5-6), but the ALJ's rationale does not dispute the treating relationship.  Plaintiff

20   has not shown that the ALJ erred in finding Dr. Gray's opinion to be equivocal and lacking in

21   specificity, or that the ALJ erred in discounting the opinion on those bases.

22

23       [2] Because Plaintiff filed for DIB before March 27, 2017, the regulations set forth in 20 C.F.R. §
    404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1    Russell Faria, D.O.

2         Dr. Faria performed a physical examination of Plaintiff in January 2017 and wrote a

3    narrative report describing his limitations.  (AR 409-16.)   Dr. Faria described some physical

4    limitations, but opined that Plaintiff's "primary impairment, if any, is psychiatric."  (AR 415.)

5         The ALJ gave significant weight to Dr. Faria's opinion, with some exceptions. (AR 27.)

6    The ALJ rejected Dr. Faria's opinion regarding Plaintiff's psychiatric issues, given that Dr. Faria

7    did not perform psychiatric testing.  (*Id*.)  The ALJ found that the longitudinal record indicated

8    that Plaintiff was more physically restricted than Dr. Faria found, but that the opinion was

9    generally consistent with the record.  (*Id*.)

10        Plaintiff argues that the ALJ erred in crediting Dr. Faria's opinion to some degree because

11   Dr. Faria did not review Plaintiff's records and did not have access to the 2018 MRI report.  Dkt.

12   11 at 5.  But the ALJ reviewed Dr. Faria's opinion in the context of the entire record and found

13   that it generally supported Dr. Faria's opinion, although showed Plaintiff to be somewhat more

14   limited than Dr. Faria indicated.  (AR 27.)   Furthermore, Plaintiff has not shown that the 2018

15   MRI is inconsistent with Dr. Faria's conclusions: the MRI describes the condition of Plaintiff's

16   lower back, but does not identify any particular functional limitations.  (AR 735-37.)  Accordingly,

17   Plaintiff has not shown error in the ALJ's assessment of Dr. Faria's opinion.

18   John Sindorf, M.D.

19        In January 2016, Plaintiff's treating psychiatrist, Dr. Sindorf, wrote a letter indicating that

20   Plaintiff's anxiety "is of sufficient magnitude to apparently interfere with his ability to work or

21   maintain employment.  Anxiety treatment is marginally helpful, but does not provide enough relief

22   to allow for usual work functions."  (AR 338.)  In a December 2015 treatment note, Dr. Sindorf

23   wrote that Plaintiff's "inability to maintain employment seems to be at least in part related to

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

interpersonal factors, somewhat unspecified and indiscernible from my perspective."  (AR 406.)

The ALJ gave no weight to Dr. Sindorf's 2016 letter, finding that his statement that Plaintiff's anxiety "apparently" interferes with his ability to work is "equivocal and does not describe Dr. Sindorf's own view."  (AR 29.)  As discussed *supra* with respect to Dr. Gray's nearly identical letter, this is a reasonable reading of Dr. Sindorf's letter.  Furthermore, the ALJ pointed to Dr. Sindorf's contemporaneous treatment notes, which do not document deficits or difficulties, as well as the December 2015 treatment note wherein Dr. Sindorf mentions "unspecified" reasons why Plaintiff cannot work, without suggesting his inability to work was based on his mental impairments.  (AR 29 (citing AR 398-99, 406).)

Plaintiff argues that Dr. Sindorf's treatment notes show that in fact his letter does represent his own view (Dkt. 11 at 6-7), but this argument does not squarely address the ALJ's reasoning. The ALJ reasonably interpreted the wording of Dr. Sindorf's letter to cast doubt on whether Dr. Sindorf himself found that Plaintiff's impairments caused him to be unable to work, and cited treatment notes that support this interpretation.  Although Plaintiff may interpret Dr. Sindorf's treatment notes to support a different conclusion, Plaintiff has not established error in the ALJ's reasoning.  *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

Amy Ford, Psy.D.

Dr. Ford performed a psychological examination of Plaintiff in February 2017 and wrote a narrative report describing his symptoms and limitations.  (AR 420-24.)  Dr. Ford opined, in relevant part:

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

[Plaintiff's] prognosis is fair considering he appears to be functioning fairly well // but he has no interest in returning to work. Based on observations, claimant will be able to understand // remember // and follow both simple and complex instructions. [Plaintiff] is not likely to have difficult[y] in relationships with coworkers and supervisors. During the evaluation, the claimant was cooperative and complied with task demands, but was very nervous. Attention/concentration was adequate. His anxiety would cause him to become frustrated and give up easily. When challenged, the claimant will give up easily as seen during the evaluation and will likely become frustrated.

(AR 423.) Dr. Ford also noted that Plaintiff's presentation was "noteworthy for significant shaking of his hands and tremble in his voice." (AR 422.)

The ALJ gave partial weight to Dr. Ford's opinion, but found that Plaintiff was more cognitively and socially limited than indicated by Dr. Ford. (AR 29.) Plaintiff argues that the ALJ erred in giving more weight to Dr. Ford's opinion than to Dr. Sindorf's opinion, but has not identified any particular error in the ALJ's assessment of Dr. Ford's opinion.

David Mashburn, Ph.D.

Dr. Mashburn examined Plaintiff twice, in April 2016 and March 2017, and completed DSHS form opinions on both occasions, describing his mental symptoms and limitations. (AR 450-56, 458-63.) According to the impairment ratings that Dr. Mashburn provided, Plaintiff was somewhat more limited in 2017: at that time, Dr. Mashburn indicated that Plaintiff was markedly limited in his ability to communicate and perform effectively at work, and to complete a normal work schedule without psychological interruptions. (*Compare* AR 450-56 *with* AR 458-63.)

The ALJ gave partial weight to Dr. Mashburn's 2016 opinion, noting that Dr. Mashburn opined (after reviewing no records) that Plaintiff would have at most moderate limitations for only nine months. (AR 30.) The ALJ found that this opinion was consistent with the RFC assessment. (*Id.*) The ALJ gave only slight weight to Dr. Mashburn's 2017 opinion, finding that the two marked limitations identified in this opinion were entirely unexplained, and that Dr. Mashburn

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

1  also failed to explain how why he rated Plaintiff more impaired in these categories when compared

2  with the 2016 opinion. (*Id.*)  The ALJ found Dr. Mashburn's 2017 opinion to be inconsistent with

3  the record with respect to mental status examinations and "minimal observations of psychiatric

4  difficulties", and also found that although Dr. Mashburn observed Plaintiff to be shaking during

5  the examination and speculated that the shaking would prevent him from being hired, Plaintiff's

6  treating providers did not observe him shaking. (*Id.*)

7         Plaintiff argues that the ALJ should have given more weight to Dr. Mashburn's opinion

8  (Dkt. 11 at 7-8), but does not identify any error in the ALJ's reasoning.  Plaintiff's failure to address

9  the ALJ's stated reasons for discounting Dr. Mashburn's opinions is fatal to his claim of error.

10        In sum, the Court declines to reweigh the medical opinion evidence in the manner requested

11 by Plaintiff.  Because Plaintiff has failed to meet his burden to establish harmful legal error in the

12 ALJ's assessment of any of the medical opinion evidence, the Court affirms this portion of the

13 ALJ's decision.

14                                          RFC

15        Plaintiff argues that the ALJ failed to account for all of the evidence in the record in

16 assessing his RFC, and focused only on the evidence that fails to support disability.  Specifically,

17 Plaintiff notes that the ALJ failed to explicitly discuss his 2018 MRI evidence.  Dkt. 11 at 9-10.

18 He also argues that the ALJ erred in failing to recognize that parts of the treatment record

19 corroborate the shaking observed by Drs. Mashburn and Ford.  Dkt. 11 at 10-11.

20        RFC is the most a claimant can do despite limitations and is assessed based on all relevant

21 evidence in the record.  20 C.F.R. § 416.945(a)(1).  An RFC must include all of the claimant's

22 functional limitations supported by the record.  *See Valentine v. Comm'r of Social Sec. Admin.*,

23 574 F.3d 685, 690 (9th Cir. 2009).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

The record includes a 2018 MRI of Plaintiff's lumbar spine, which shows some mild and moderate findings, but does not indicate any particular functional limitations that result.  (AR 735-37.)  In fact, the MRI report includes a caveat that disk degeneration, disk desiccation and disk height loss are "so common in adults without low back pain that while we report their presence, they must be interpreted with caution and in the context of the clinical situation."  (AR 737.)

The ALJ did not explicitly discuss the 2018 MRI report, but did discuss the clinical findings related to Plaintiff's functionality.  (AR 24-25.)  The ALJ noted that Plaintiff's physical examination findings were generally normal and that when he did complain of lumbar pain, he was provided with only conservative treatment, in the form of pain medication.  (AR 24.) Plaintiff's MRI results are not inconsistent with this assessment of the evidence, as they do not pertain to Plaintiff's functionality or address treatment options.  Accordingly, Plaintiff has not shown harmful error in the ALJ's failure to discuss the 2018 MRI report.

Likewise, Plaintiff has not shown that the ALJ erred in finding that Plaintiff's treating providers did not observe the anxiety-related shaking that Plaintiff displayed to examining psychologists.  Plaintiff points to treatment notes describing him as "all shook up", "stressed out", "fiddling with his hands, etc., throughout the session in a very nervous manner," "fidgeting with leg movements," and "slightly fidgetey at times."  Dkt. 11 at 11 (citing AR 577, 581, 657-58, 714, 731).  None of these observations corroborate Dr. Ford's finding that Plaintiff's hand tremor was so severe he could not complete paperwork (AR 420), or Dr. Mashburn's speculation that Plaintiff's "constant shaking from anxiety" was the "primary reason he is not getting jobs or call backs" (AR 451).  Plaintiff told Dr. Mashburn that his doctors were "going to look into possible [P]arkinson's because of my shaking" (AR 450), but the Court found no mention of Parkinson's disease in the record.  Thus, Plaintiff has not shown that the ALJ was unreasonable in finding the

displays of shaking observed by Drs. Ford and Mashburn to be inconsistent with the treatment record, or in discounting the opinions on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Step five

Plaintiff argues that the ALJ erred at step five in failing to account for all of his limitations in the hypothetical posed to the VE. Specifically, he argues that the ALJ erred in failing to include limitations that he would be off task more than 15% of a workday and that he would miss two or more days of work per month. Dkt. 11 at 12-13.

An ALJ must include all of a claimant's limitations in the VE hypothetical. *See Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." (quoting *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278, 1279 (9th Cir. 1987))). Here, however, Plaintiff has not pointed to credited evidence establishing the existence of the purportedly omitted limitations. He points to evidence that could be consistent with such limitations (Dkt. 11 at 12-13), but the ALJ discounted that evidence and Plaintiff has not shown that the ALJ's assessment of the evidence was erroneous. Therefore, Plaintiff has not established error in the ALJ's step-five findings.

/ / /

/ / /

/ / /

/ / /

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

1

## **CONCLUSION**

2    For the reasons set forth above, this matter is AFFIRMED.

3    DATED this 7th day of August, 2020.

4

5

6    Mary Alice Theiler
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23